CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Laredo)
## CRIMINAL DOCKET FOR CASE #: 5:01-cr-01300 All Defendants
### Internal Use Only

Case title: USA v. Benson

Date Filed: 12/04/2001
Date Terminated: 06/13/2003

Assigned to: Judge George P. Kazen

**Defendant**

**Valerie Renee Benson** (1)
*TERMINATED: 06/13/2003*
also known as
Valerie Rena Benson

represented by **David Almaraz**
Attorney at Law
1802 Houston St
Laredo, TX 78040
956-727-3828
Fax: 956-725-3639 fax
Email: almaraz@netscorp.net
*TERMINATED: 06/13/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

Ct.1: 18:3146.F FAILURE TO
APPEAR, Penalty: 5 Yrs and/or
$250,000.00, $100 CVF, 3 yrs TSR.
(1)

**Disposition**

SENTENCE: 5 mos to serve this case;
60 mos to serve L-01-CR-298
Consecutive; 5 yrs tsr concurrent; $100
Cvf; no fine; 75 hrs comm/svs within
1st yr of TSR; placement near Alabama;
Drug treatment aftercare; mental health
care; deft waived appeal; remanded to
custody

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By [signature]
Deputy Clerk

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

USA            represented by    **Financial Litigation**
U S Attorney's Office
Southern District of Texas
P O Box 61129
Houston, TX 77208
713-567-9000
Fax: 713-718-3391 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Pretrial Svcs-La**
PO Box 1460
Laredo, TX 78042-1460
956-794-1030 fax
Fax: 956-790-1743
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation - L**
1300 Victoria, Ste 2111
Laredo, TX 78040
956-726-2915 fax
Fax: 956-726-2915 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Marina Garcia Marmolejo**
US Attorney's Office
PO Box 1179
Laredo, TX 78042-1179
956-723-6523
Fax: 956-726-2266
Email: marina.marmolejo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2001 | 1 | INDICTMENT as to Valerie Renee Benson (1) count(s) 1 ,filed. (bmendoza) (Entered: 12/06/2001) |

| 12/04/2001 | | (Court only) **Added Government Attorney Marina Garcia Marmolejo (bmendoza) (Entered: 12/06/2001) |
| --- | --- | --- |
| 12/04/2001 | | (Court only) **Added Pretrial Services, Financial Litigation Unit and Probation (bmendoza) (Entered: 12/06/2001) |
| 12/05/2001 | 2 | NOTICE of Setting : set Arraignment for 9:00 12/13/01 for Valerie Renee Benson before Magistrate Judge Adriana Arce-Flores , filed. Parties ntfd. (bmendoza) (Entered: 12/06/2001) |
| 12/13/2001 | 3 | Call for Arraignment as to Valerie Renee Benson not held before Magistrate Judge Adriana Arce-Flores Ct Reporter: Medellin ERO; App: G Rdz f/gvt; Almaraz f/dft. Warrant issued by US District Judge George P. Kazen on 11/15/01 on case L-01-CR-298 , filed. (amontemayor) (Entered: 12/17/2001) |
| 06/20/2002 | 4 | NOTICE of Setting : Set Arraignment for 8:30 6/27/02 for Valerie Renee Benson before Magistrate Judge Adriana Arce-Flores , filed. Parties ntfd. (dflores) (Entered: 06/25/2002) |
| 06/27/2002 | 5 | Arraignment held before Magistrate Judge Adriana Arce-Flores Ct Reporter: S Medellin/ERO; Tape Number: 1; Interpreter: none; App: C Hippard f/gvt; D Almaraz f/dft (Defendant informed of rights), filed. Plea of Not Guilty: Valerie Renee Benson (1) count(s) 1 m/d 07/08/02 @ 10:00; fptc 08/13/02 @ 9:00; j/s 08/16/02 @ 1:30; waiver of speedy trial executed; docket control order issued; dft remanded to custody. (dflores) (Entered: 07/02/2002) |
| 06/27/2002 | 6 | SCHEDULING ORDER setting Motion Filing deadline on 10:00 7/8/02 for Valerie Renee Benson; Final Pretrial Conference for 9:00 8/13/02; Jury Selection for 1:30 8/16/02 before Chief Judge George P. Kazen, entered. Parties ntfd. (dflores) (Entered: 07/02/2002) |
| 08/14/2002 | 7 | Minute entry as to Valerie Renee Benson: The Court requests a motion for Mental Examination. Dft states that she is taking medication while in custody. Dft remanded to custody. ( Signed by Chief Judge George P. Kazen ), entered. Parties ntfd. (dflores) (Entered: 08/16/2002) |
| 08/27/2002 | 8 | Agreed MOTION by Valerie Renee Benson for Psychiatric and psychological examination , filed. (dflores) (Entered: 08/28/2002) |
| 08/30/2002 | 9 | ORDER granting gvts [8-1] motion for Psychiatric and psychological examination as to Valerie Renee Benson (1) ( Signed by Chief Judge George P. Kazen ), entered. Parties ntfd. (dflores) (Entered: 09/05/2002) |
| 09/19/2002 | 10 | Call for FPTC as to Valerie Renee Benson not held before Chief Judge George P. Kazen, filed. Gvt informs the Court that dft is out to Springfield for a psychiatric exam. FPTC reset date to be announced. (dflores) (Entered: 09/19/2002) |
| 10/15/2002 | 11 | Call for FPTC as to Valerie Renee Benson not held before Chief Judge George P. Kazen, filed. Gvt advises the Court that dft is still out to Springfield for psychological evaluation. FPTC continued to 11/13/02 @ 9:00 a.m. Dft remains in custody. (dflores) (Entered: 10/22/2002) |

| 11/12/2002 | 12 | Call for FPTC as to Valerie Renee Benson not held before Chief Judge George P. Kazen Ct Reporter: L Verdin, filed. The Court is informed that dft is still in Springfield for a psychiatric evaluation. FPTC continued to Tuesday, 12/17/02 @ 9:00; dft remains in custody. (dflores) (Entered: 11/15/2002) |
|---|---|---|
| 12/17/2002 | 13 | Final Pre-trial conference as to Valerie Renee Benson held before Chief Judge George P. Kazen Ct Reporter: L Verdin; App: D Saldana f/gvt; D Almaraz f/dft, filed. Atty Almaraz anticipates this will be a plea, however, announces to the Court that no psychiatric report has been rcvd. The Court nor the Gvt has rcvd a copy of the mental exam report. FPTC reset date to be announced; dft remanded to custody. (dflores) (Entered: 12/17/2002) |
| 12/18/2002 | 14 | NOTICE of Setting : Set final pretrial conference for 9:00 12/23/02 for Valerie Renee Benson before Chief Judge George P. Kazen , filed. Parties ntfd. (dflores) (Entered: 12/20/2002) |
| 12/23/2002 | 15 | Re-Arraignment held before Chief Judge George P. Kazen Ct Reporter: L Verdin; Interpreter: none; App: R Jones f/gvt; D Almaraz f/dft, filed. Plea of Guilty: Valerie Renee Benson (1) count(s) 1 (Terminated motions - ) Guilty plea to ct 1; oral plea agreement; order for psi, due 01/27/03; dft remanded to custody. (dflores) (Entered: 12/26/2002) |
| 12/23/2002 | 16 | ORDER for Disclosure of PSI, PSI completion by 1/27/03 for Valerie Renee Benson before Chief Judge George P. Kazen, entered. Parties ntfd. (dflores) (Entered: 12/26/2002) |
| 05/30/2003 | 17 | FINAL PRESENTENCE INVESTIGATION REPORT (Sealed) as to Valerie Renee Benson, no objections, filed. (dflores) (Entered: 06/03/2003) |
| 05/30/2003 | 18 | SEALED Confidential Sentencing Recommendation regarding Valerie Renee Benson to the Court, filed and placed in vault. (dflores) (Entered: 06/03/2003) |
| 06/03/2003 | 19 | NOTICE of Setting : Set Sentencing for 9:00 6/10/03 for Valerie Renee Benson before Chief Judge George P. Kazen , filed. Parties ntfd. (dflores) (Entered: 06/06/2003) |
| 06/10/2003 | 20 | Call for sentence as to Valerie Renee Benson not held before Chief Judge George P. Kazen Ct Reporter: Leticia Verdin; Interpreter: none; App: D Morrow, M Marmolejo f/gvt; D Almaraz f/dft, filed. Sentence reset to 06/13/03 @ 9:00; dft remanded to custody. (dflores) (Entered: 06/12/2003) |
| 06/13/2003 | 21 | Sentencing held before Chief Judge George P. Kazen Ct Reporter: Leticia E. Verdin Interpreter: n/a App: D Morrow f/R Jones/ David Almaraz, Valerie Renee Benson (1) count(s) 1. SENTENCE: 5 mos to serve this case; 60 mos to serve L-01-CR-298 Consecutive; 5 yrs tsr concurrent; $100 Cvf; no fine; 75 hrs comm/svs within 1st yr of TSR; placement near Alabama; Drug treatment aftercare; mental health care; deft waived appeal; remanded to custody, filed. US Probation Officer: Bonnie Lopez. |

| | | |
|---|---|---|
| | | (amontemayor) (Entered: 06/20/2003) |
| 06/13/2003 | | (Court only) **Case closed as to all defendants: Valerie Renee Benson (amontemayor) (Entered: 06/20/2003) |
| 06/23/2003 | 22 | JUDGMENT as to Valerie Renee Benson (1) count(s) 1 ( Signed by Chief Judge George P. Kazen ), entered. Parties ntfd. The Statement of Reasons has been placed under seal in the envelope with the Original Presentence Report. Copies of the SOR have been sent to the appropriate defense counsel, the AUSA, and the US Marshal. (dflores) (Entered: 06/24/2003) |
| 02/26/2004 | 23 | MOTION by Valerie Renee Benson to reduce sentence , filed. (dflores) (Entered: 03/03/2004) |
| 02/27/2004 | 24 | MEMORANDUM re: [23-1] as to Valerie Renee Benson ( signed by Judge George P. Kazen ), entered. Parties ntfd. (dflores) (Entered: 03/03/2004) |
| 07/05/2007 | 25 | Probation Jurisdiction Transferred to Middle District of Alabama - Montgomery Division as to Valerie Renee Benson, filed.Mailed transfer and certified copies of indictment, judgment, financial sheet and docket sheet.(dgonzalez) (Entered: 07/05/2007) |

Case 2:07-cr-00135-WHA-SRW   Document 2   Filed 07/13/2007   Page 6 of 12



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL NO. |
| VALERIE RENEE BENSON | § | **L-01-1300** |

### INDICTMENT

THE GRAND JURY CHARGES THAT:

On or about November 15, 2001, in the Southern District of Texas and within the jurisdiction of the Court, **Defendant,**

**VALERIE RENEE BENSON,**

having previously been arrested and subsequently charged by Indictment for violating Title 21, United States Code, Section 841 a felony punishable by a fine under this title and/or imprisonment for a term of 5 to 40 years, and having been released from custody pursuant to the provisions of Chapter 207, Title 18, United States Code, on the condition that she appear in the United States District Court at Laredo, Texas, in connection with said charges, did knowingly fail to appear for sentencing as required.

In violation of Title 18, United States Code, Sections 3146(a)(1) and 3146(b)(1)(A)(ii).

A TRUE BILL:

FOREMAN OF THE GRAND JURY

GREGORY A. SERRES
UNITED STATES ATTORNEY

MARINA GARCIA MARMOLEJO
Assistant United States Attorney

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
BY _____
Deputy Clerk

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

United States District Court
Southern District of Texas
FILED
JUN 2 3 2003
Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
JUN 2 4 2003
Michael N. Milby, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Laredo

UNITED STATES OF AMERICA
v.
**VALERIA RENA BENSON**
A/K/A VALERIE RENEE BENSON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **5:01CR01300-001**

DAVID ALMARAZ
Defendant's Attorney

☐ See Additional Aliases sheet.

**THE DEFENDANT:**
☒ pleaded guilty to count(s)  **ONE ON 12/23/2002**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 3146(a)(1) and 3146(b)(1)(A)(i) | FAILURE TO APPEAR | 6/3/2002 | ONE |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ████
Defendant's Date of Birth: ████
Defendant's USM No.: 96760-079
Defendant's Residence Address: ████
Defendant's Mailing Address: ████

6/13/2003
Date of Imposition of Judgment

/s/ George P. Kazen
Signature of Judicial Officer

**GEORGE P. KAZEN**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

6/23/03
Date

VYL/car

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By: _____ Deputy Clerk

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

**DEFENDANT:** VALERIA RENA BENSON
**CASE NUMBER:** 5:01CR01300-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____5 months consec__utive and in addition to 60 months imposed in docket # 5:01CR00298-001 for a total of 65 months.

The defendant waived the right to appeal the sentence.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a prison facility near Montgomery, Alabama

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 pm on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 3 -- Supervised Release

Judgment -- Page 3 of 6

DEFENDANT: **VALERIA RENA BENSON**
CASE NUMBER: **5:01CR01300-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 year(s) concurrent to 5 years in docket number 5:01CR00298-001.**

☐ See Additional Supervised Released Terms Sheet.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ See Additional Mandatory Conditions Sheet

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 3 -- Continued 2 -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT: VALERIA RENA BENSON
CASE NUMBER: 5:01CR01300-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such a program, based on ability to pay as determined by the probation officer.

The defendant is required to perform 75 hours of community service as approved by the probation officer to be completed within the first year of supervised release.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 5, Part A -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT: VALERIA RENA BENSON
CASE NUMBER: 5:01CR01300-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ See Additional Terms for Criminal Monetary Penalties Sheet.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|

☐ See Additional Restitution Payees Sheet.

| TOTALS | $0.00 | $0.00 |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $_____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

  ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 5, Part B -- Criminal Monetary Penalties

Judgment -- Page 6 of 6

DEFENDANT:   VALERIA RENA BENSON
CASE NUMBER:   5:01CR01300-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of  $100.00  due immediately, balance due
       ☐ not later than _____, and/or
       ☒ in accordance with ☐ C, ☐ D, and/or ☒ E, below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☒  Special instructions regarding the payment of criminal monetary penalties:
       Make all payments payable to: U.S. District Clerk, P.O. Box 597, Laredo, TX 78042-0597

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
|  |  |  |

☐  See Additional Defendants Held Joint and Several sheet.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.